961 F.2d 220
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joshua RICHARDSON, Plaintiff-Appellant,
v.
Roy ROMER, Walter Kautzky, Mark McGoff, Thomas Cooper, Ed
Packenham, Nard Claar, H.B. Johnson, Doctor Black, Tom
Misel, Dan Meadows, Howard Mayden, Sgt. Zamora, Sgt.
Carroll, Sgt. Nix, Lt. Catfish, C.D. Holditch, Defendants-Appellees.
 No. 91-1410.
 United States Court of Appeals, Tenth Circuit.
 April 9, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Joshua Richardson appeals an order of the district court dismissing his complaint for failure to state a claim under 42 U.S.C. § 1983. On appeal, Richardson contends that he was denied due process and that the district court erred in dismissing his complaint. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 Because petitioner is representing himself, his complaint will be construed liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). First, Richardson raises a number of claims for the first time on appeal. He argues that some of the operational rules discriminate against black inmates, that the hearing officer at his disciplinary hearing acted outside of his judicial role, that his personal property was taken in retaliation for filing legal actions, and that the defendants are engaging in a continuing wrong. Although we liberally construe petitioner's pleadings, we will not consider matters that are raised for the first time on appeal. See Gundy v. United States, 728 F.2d 484, 488 (10th Cir.1984).
 
 
 4
 Second, Richardson asserts that he did not receive due process at his prison disciplinary hearing. In Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court outlined the minimum due process requirements for a prison disciplinary hearing. These include written notice of the charges to the inmate at least twenty-four hours prior to the hearing, an opportunity to call witnesses and present evidence, and a written statement by the fact-finder as to the action taken and evidence relied upon. Id. at 564-66. The record demonstrates that Richardson's hearing met all of these requirements.
 
 
 5
 Third, Richardson claims that he was denied due process when he was kept in administrative segregation pending transfer to another prison facility. Administrative segregation does not create a due process violation in this situation. See Hewitt v. Helms, 459 U.S. 460, 468 (1983). Fourth, Richardson asserts that he was denied adequate medical care. In order to state such a claim, Richardson must show that the defendants were deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104-06 (1976). After reviewing the record, we conclude that the appellant has demonstrated neither deliberate indifference nor a serious medical need. His medical records indicate that he was treated on numerous occasions.
 
 
 6
 Fifth, Richardson claims that he was denied due process when the defendants failed to protect him from his enemies. The record indicates that Richardson was transferred for his own protection, and, when he continued to complain, he was placed in administrative segregation. Therefore, Richardson's allegations fail to state a claim upon which relief can be granted. Sixth, Richardson argues that the district court improperly dismissed defendants McGoff, Cooper, Kautsky, Johnson and Romer. The district court dismissed these defendants because they did not personally participate in any action that Richardson discusses in his complaint. Richardson argues that these defendants should not have been dismissed because they should have known what was occurring in the prison system. This allegation alone is insufficient to state claim for relief under § 1983. See Rizzo v. Goode, 423 U.S. 362, 376 (1976); Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir.1988).
 
 
 7
 Seventh, Richardson argues that the evidentiary hearing held by the magistrate was not constitutional. Richardson's main complaint is that he was not allowed to cross-examine Dr. Black and that a nurse gave testimony as an expert instead of Dr. Black. Richardson failed to subpoena Dr. Black, and, therefore, there was no denial of the right to cross-examine. Further, the record reveals that the nurse merely introduced the medical records of Richardson and did not testify as an expert. These allegations fail to state a claim. Richardson also asserts that he was denied discovery before the evidentiary hearing; however, he failed to describe what documents he was seeking. He also has not demonstrated any prejudice from the denial of discovery.
 
 
 8
 Therefore, we agree with the district court and conclude that Richardson has not stated a claim upon which relief may be granted. AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3